**ROUTZAHN v ROUTZAHN et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1457. Decided Jan 28, 1938

Swaney & Creager, Dayton, for plaintiff-appellant.

Thomas, Hyers, Leyland & Stewart, Dayton, P. Eugene Smith, Dayton, for defendants-appellees.

668

## OPINION

By HORNBECK, J.

At the outset we are required to hold that we have no jurisdiction to entertain this appeal which now proceeds as ▓▓▓▓▓▓ ▓ on questions of law for the reason that the notice of appeal is not directed to any judgment or final order. The notice refers only to the overruling of a "motion for rehearing, and new trial, or a trial". This action of the trial court was not the order of which complaint is made and to which an appeal could properly be directed. The order which should have been specified in the appeal was the action of the trial court in striking the petition and affidavit from the files and dismissing the attachment and the action.

For the benefit of counsel we will express our opinion on the questions involved as we understand them, but they will not constitute the basis of an adjudication but are the result of some work which was done before the defect which requires the dismissal of the appeal came to the attention of the court.

The plaintiff instituted his action against the defendants by filing a petition, the prayer of which was for a money judgment. At the same time and in connection therewith plaintiff filed an affidavit for attachment, setting up four grounds therefor. The pleading was verified by the plaintiff, as was the affidavit for attachment. Upon the petition summons was issued and pursuant to the affidavit, after bond was duly filed, order of attachment issued and was executed.

On March 12, 1937, the day following the order of attachment and return of inventory, bond was filed to discharge the attachment. On April 3 the defendant moved to strike the petition and affidavit for attachment from the files and to discharge the attachment, for the reason that the "plaintiff is a minor under the the age of 21 and as such infant can neither verify the pleading nor the affidavit in attachment." Supporting the motion was an affidavit of defendant Mary A. Routzahn, the mother of plaintiff, to effect that the plaintiff was a minor of the age of 19 years.

On the 15th of April, 1937, an amended petition was filed for the minor by the father of Kiefer Routzahn as his next friend as party plaintiff against the defendants and on April 20, 1937 summons was issued on this petition. On the 23rd of April, 1937, the following entry was spread upon the record:

"This day this cause came on to be heard on the motion of the defendants to strike the plaintiff's petition from the files and to strike plaintiff's affidavit for attachment from the files for the reason that the plaintiff is an infant, being a mionr under the age of twenty-one (21) years.

The Court being fully advised in the premises finds said motion well taken and further that said motion should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said plaintiff's petition and affidavit for attachment shall be stricken from the files and that said action shall be dismissed and said attachment discharged.

It is the further order of this court that the bond of the said Mary A. Routzahn and her bondsmen shall be released and discharged forthwith from further obligation to the said plaintiff herein.

To all of which counsel for plaintiff hereby notes and reserves his exceptions."

Thereafter the motion for rehearing was filed and overruled and notice of appeal on questions of law and fact given. The appeal on questions of law and fact in this court has heretofore been dismissed on motion.

As we interpret the brief of counsel for appellant the objection to the action of the trial court is that the interests of the minor were not protected in that the action predicated upon the amended petition was dismissed at the same time that the original petition was dismissed and attachment discharged. There is no claim made that the petition verified and the affidavit of attachment sworn to by the minor were sufficient in law to constitute an action or to be the basis of an order of attachment, nor could this claim appropriately be made.

Judge Snediker in the case of Menke v Motor Car Company, 21 N.P. (N.S.) 534, ▓▓▓▓▓▓ ▓ properly held that a petition verified by a minor would not support an action. For the same reason it will not support affidavit for an order of attachment.

We are unable to assume that the amended petition or action thereon is dismissed by the entry of April 23, 1937, which we have heretofore quoted in full. The judgment is predicated upon the motion of the

defendants, which was filed before the amended petition and was directed to the original petition and to the affidavit for attachment and to the proceedings thereunder and could not relate to the amended petition and proceedings thereunder, and insofar as the record discloses the amended petition is unaffected by the order of dismissal.

The action in this court is styled "Kiefer Routzahn v Mary A. Routzahn and A. A. Dunahue" and does not purport to carry the party plaintiff by the next friend of the minor.

There is nothing in the only entry which is before us which discloses any action of the trial court respecting the amended petition or the summons issued thereupon. The action of the trial court as it appears in the transcript of docket and journal entries was regular and valid. No other questions are exemplified on this record. If the Judge intended by the entry which is set forth to dismiss the action properly instituted by the minor by his next friend, it was clearly a mistake and not responsive to the motion which was brought to the attention of the court and directed to the first action wherein the party plaintiff was not properly constituted.

BARNES, PJ, and GEIGER, J, concur.